LAW OFFICES OF V. ALLAN KHOSHBIN
V. Allan Khoshbin, Esq.
California State Bar No.: 165486
12400 Wilshire Boulevard
Suite 1265
Los Angeles, California 90025

Telephone: (310) 820-2500
Facsimile: (310) 820-7200

Defendant: Jan Ahdout

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: JAN AHDOUT, | BANKRUPTCY CASE NUMBER: **LA 03-36799{BR}** |
| DEBTOR. | ADVERSARY CASE NUMBER: 07 AD04-01236 |
| HIGHLAND INSURANCE COMPANY, a Texas Corporation, | **OBJECTIONS TO DECLARATION OF ATTORNEY SEYMOUR GANTMANT** |
| Plaintiff, | |
| vs. | Trial Date:      January 25, 2005 |
| JAN AHDOUT, | Courtroom:    1668 |
| Defendant. | Judge:           Hon. Barry Russell |

**COMES NOW**, debtor JAN AHDOUT, and objects to the declaration of attorney SEYMOUR GANTMAN, as follows:

OBJECTION 1:

Paragraph 4, of Mr. Gantman's declaration, at page 2, lines 3 through 6, inclusive.

Grounds for Objection and Motion to Strike:

(1) The declarant has no personal knowledge of the matters to which he attempts to attest. His declaration here is

1
OBJECTIONS TO DECLARATION OF ATTORNEY SEYMOUR GANTMANT

nothing more than unwarranted, accusation conjecture and supposition. Particularly strike all reference to what the declarant claims Jan Ahdout "indicated", and reference to "intentionally" and "intentional acts".

(2) The statements made are also inadmissible hearsay as set forth under **Federal Rules of Evidence, Rule 802**.

Irrespective of what plaintiff claims, in order to prevail on a claim under § 523(a)(4), the United States Supreme Court requires that the burden of proof is on the party claiming nondischargeability. [See **Grogan vs. Garner [1991]** 498 U.S. 279, 285; and **Zohlman vs. Zoldan [1998]** 226 B.R. 767.] Plaintiff cannot meet its burden based on accusation supposition and rank conjecture.

OBJECTION 2:

Paragraph 5, of Mr. Gantman's declaration, at page 2, lines 9 through 12, inclusive.

Grounds for Objection and Motion to Strike:

(1) Irrelevant, and immaterial. Why this particular statement is made by the declarant is unknown. It is very clear that the actions taken by him were not considered or were not correct since there is no mention in the order regarding this paragraph. Also the conclusory comment of "questionable" at line 12, is objected to as conclusory, argumentative and rank speculation. Attorney Gantman now attempts to paint a litigation "picture" that is not, at all, reflected in the orders of the Superior Court.

(2) The declarant has no personal knowledge of the matters to which he attempts to attest. His declaration here is nothing more than unwarranted, accusation conjecture and supposition. Particularly strike all reference to what the

1  declarant claims Jan Ahdout "indicated", and reference to
2  "intentionally" and "intentional acts".
3  (3) The statements made are also inadmissible hearsay as
4  set forth under **Federal Rules of Evidence, Rule 802**.
5  OBJECTION 1:
6  Paragraph 6, of Mr. Gantman's declaration, at page 2, lines 13 beginning with
7  "The last entry .. through 16, inclusive.
8  Grounds for Objection and Motion to Strike:
9  (1) The declarant has no personal knowledge of the matters
10 to which he attempts to attest. His declaration here is
11 nothing more than unwarranted, accusation conjecture and
12 supposition. Particularly strike all reference to what the
13 declarant claims Jan Ahdout "indicated", and reference to
14 "intentionally".
15 (2) The statements made are also inadmissible hearsay as
16 set forth under **Federal Rules of Evidence, Rule 802**.
17 Again, attorney Gantman cannot by negligence or design create innuendo
18 which is not reflected in the Superior Court's order. Nor may Mr. Gantman supplant
19 his own opinion regarding the actions of debtor Jan Ahdout, that were never reflected
20 by the Superior Court.
21 Dated: November 29, 2004

LAW OFFICES OF V. ALLAN KHOSHBIN, P.C.

Respectfully submitted,

By_____
V. ALLAN KHOSHBIN, ESQ.
Attorney for Debtor
JAN AHDOUT

---
3
OBJECTIONS TO DECLARATION OF ATTORNEY SEYMOUR GANTMANT

## PROOF OF SERVICE
### 1013A(3)CCP

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party of the within action; my business address is Law Offices of V. Allan Khoshbin, 12400 Wilshire Boulevard, Suite 1265, Los Angeles, California 90025.

On **November 30, 2004,** I served the foregoing **OBJECTIONS TO DECLARATION OF ATTORNEY SEYMOUR GANTMAN** on the interested parties in this action

[X] by placing true copies thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United Stated mail at Los Angeles, California addressed as follows:

**William R. Moore, Esq.**
**Wiezorek & Rice**
**3700 Santa Fe Ave., Suite 300**
**Long Beach, CA 90810**

[X] I deposited such envelope with postage thereon fully prepaid, in the mail at Los Angeles, California.

[ ] I am readily familiar with this firm's practice for correspondence for mailing. Under that practice it would be deposited with the United State Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[] **BY FACSIMILE:** I forwarded a copy of the said document by Facsimile (telecopier) to the party whose name and Facsimile number appears above.

[] **(State)** I declare under penalty of perjury under the laws of the State Of California, that the above is true and correct.

[X] **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

DATED: November 30, 2004

Autumn Asar

1
Proof of Service